Lizzette M. Bouret ECHEVARRIA, et al., Plaintiffs,

v.

CARIBBEAN AVIATION MAINTENANCE CORP. et al., Defendant.

Civil Nos. 09–2034 (GAG), 09–2142(GAG), 09–2158(GAG), 09–2160(GAG).

United States District Court, D. Puerto Rico.

Jan. 12, 2012.

Carlos J. Morales–Bauza, Antonio Ro-sello–Rentas, Rosello & Morales, CSP, San Juan, PR, for Plaintiffs.

Richard Ritorto, Louis R. Martinez, Martinez & Ritorto PC, New York, NY, Jaime E. Morales–Morales, Morales Morales Law Offices, San Juan, PR, for Defendant.

## ORDER

GUSTAVO A. GELPÍ, District Judge.

Plaintiffs filed the present action against Robinson Helicopter Co. ("Robinson"), Caribbean Aviation Maintenance, Corp. and Chartis Insurance Company—Puerto Rico ("CAM Defendants") (collectively "Defendants") for the events that led to the death of Diego Vidal Gonzalez ("Vidal Gonzalez"). On November 12, 2008 a helicopter piloted by Jose A. Montano ("Montano") and carrying Vidal Gonzalez suffered severe damage while attempting to land at the Fernando Luis Ribas Dominicci Airport. Vidal Gonzalez was rushed to the Rio Piedras Medical Center where he was treated for injuries. Vidal Gonzalez lapsed into a coma and died 59 days later. Through the various consolidated actions Vidal Gonzalez's widow and three children ("Bouret Plaintiffs"), his son ("Vidal–Shirley"), his father and sisters ("Vidal–Lampon Plaintiffs"), and Montano (collectively "Plaintiffs") brought suit against Defendants for damages, claiming it was the negligence of Defendants that led to the death of Vidal Gonzalez.

The present matter involves numerous motions and cross-motions to allow and preclude evidence of prior accidents and parts of the National Transportation Safety Board ("NTSB") Factual Report. First, Plaintiffs filed a motion in limine to allow evidence of three prior accidents involving Robinson helicopters (Docket No. 189). The CAM Defendants opposed this motion and made a cross-motion to preclude this evidence (Docket No. 293). Robinson similarly opposed this motion and filed its own motion in limine to preclude this evidence (Docket Nos. 321 & 289). Plaintiff Vidal–Shirley (Docket No. 342), later joined by the Bouret Plaintiffs (Docket No. 343), opposed Robinson's motion. Additionally, Bouret Plaintiffs filed a motion in limine to admit into evidence an NTSB Factual Report (Docket No. 192). Both the CAM Defendants (Docket No. 318) and Robinson (Docket No. 322) opposed this motion. After reviewing the pleadings and pertinent law, the court **DENIES** Plaintiff's motion to allow evidence of prior accidents (Docket No. 189), and Plaintiff's motion to allow the NTSB Factual Reports into evidence (Docket No. 192). The court **GRANTS** Robinson's motion to preclude evidence of prior accidents (Docket No. 321) and CAM Defendants motion to preclude evidence of prior accidents (Docket No. 293).

## I. Admissibility of NTSB Reports

All of these motions in limine rest on the admissibility of the NTSB Reports because if these reports are deemed to be inadmissible, then Plaintiffs will be unable to demonstrate a similarity between the current helicopter accident and the three past accidents involving Robinson helicopters.

### A. Legal Standard

To begin, it is of utmost important to define and discuss the difference between "Board Accident Report" and "Factual Accident Report" because the courts themselves have a history of conflating the two terms. See Chiron Corp. And PerSeptive Biosystems, Inc. v. Nat'l Transp. Safety Bd., 198 F.3d 935, 940 (D.C.Cir.1999) (discussing early judicial opinions mislabeling

investigator's reports as reports of the NTSB). In 1975 the NTSB amended its regulations to include definitions of the two terms. *See id.* Board Accident Report is defined as, "the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs" of accidents)." 49 C.F.R. § 835.2 (2011). Pursuant to the regulations, "no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports." *Id.; See Chiron,* 198 F.3d at 941 (holding NTSB reports inadmissable in civil litigation); *Campbell v. Keystone Aerial Surveys, Inc.,* 138 F.3d 996, 1001 (5th Cir. 1998). These cases also rely upon language from the U.S.Code which states, "No part of a report of the [NTSB], related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." 49 U.S.C. § 1154(b) (2000). While there remains a lack of First Circuit precedent to guide district courts on this issue, it seems clear that amongst the rest of the Circuit Courts of Appeals, a Board Accident Report is inadmissable, but a Factual Accident Report conducted by investigators of the NTSB is admissible. This court agrees and adopts this approach.

■ However, even Factual Accident Reports have been ruled inadmissible because the reports contain hearsay, require the court to sift through the documents in order to determine their trustworthiness, and because their prejudicial value was not outweighed by their probative value as per Rule 403. *See John McShain, Inc. v. Cessna Aircraft Co.,* 563 F.2d 632, 635–36 (3d Cir.1977); *McKinnon v. Skil Corp.,* 638 F.2d 270, 278 (1st Cir.1981) (holding reports properly excluded from evidence because of inadmissible hearsay, double hearsay, and untrustworthiness). As stated in *Cessna* and cited by the First Circuit in *McKinnon,* "The Advisory Committee's Notes make clear that Federal Rule of Evidence 803(8) exempts from the hearsay rule only reports by officials; and of course the pilots and other witnesses are not officials for this purpose. Moreover, the memoranda submitted to the government by its investigators often contained statements from witnesses which would make such memoranda encompass double hearsay." *Cessna,* 563 F.2d at 636. Reports that contain multiple statements of hearsay or double hearsay, even if written by an official, can be excluded based on the hearsay rule or through the trial court's discretion rooted in Rule 403. *See Cessna,* 563 F.2d at 636–37 (holding exclusion of reports due to hearsay, prejudice, and potentially because of delay incurred by discussing each prior instance at trial).

**B. Discussion**

■ The parties in this case nearly agree upon what is admissible and what is not admissible, with the one major difference involving the opinions and conclusions contained in the investigatory reports. Plaintiffs argue the opinions and conclusions of the NTSB is admissible pursuant to Rule 803(8)(C) of the Federal Rules of Evidence. In doing so, Plaintiffs cite *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). However, *Beech* involves a Judge Advocate General report and not a report by the NTSB, therefore it is of little value as the § 1154(b) is specific to NTSB reports. *See* 49 U.S.C. § 1154(b). The focus of the statute is to specifically protect NTSB's opinions and conclusions rather than the underlying facts which may be admitted into evidence. *See* 49 C.F.R. § 835.2. Therefore, Plaintiffs may, generally, use Factual Accident Reports as evidence.

Looking at the NTSB Report for the present case (Docket No. 293–2) as well as the reports for the three prior accidents (Docket Nos. 293–1, 293–4, & 293–5), the court finds the reports to be Factual Accident Reports as they contain the factual background of the accident, but no opinions or conclusions as to the probable cause of the accident.

However, Robinson's contention that the NTSB Reports for the present and prior accidents contain inadmissible hearsay has merit. After reviewing the four reports in question, the court notes the abundance of hearsay throughout each report, making it arduous to discern whether the statements are admissible or not. The reports contain multiple statements from pilots, mechanics, and eye witnesses who will not be testifying at trial. Additionally, the court notes the amount of time it would necessarily take to weed out the factual statements from these reports. The hearsay contained in these reports is inadmissible. The time it would take the court to make these determinations, combined with the potential prejudice to the Defendants regarding the existence of past accidents, makes the prejudicial value outweigh the probative value to the Plaintiffs. Plaintiffs may still make the argument that there was a design defect in the Robinson helicopter and that it was this defect that led to the death of Vidal Gonzalez. However, Plaintiffs may not use these reports to do so.

### III. Conclusion

For the reasons set forth above, the court **DENIES** Plaintiffs' motion *in limine* to allow evidence of prior accidents (Docket No. 189) and **GRANTS** CAM Defendants motion to preclude Plaintiffs' from using any evidence of prior accidents (Docket No. 293). The court **GRANTS** Robinson's motion *in limine* to exclude all evidence of past accidents from trial and that Plaintiffs' be precluded from using or admitting the NTSB reports at trial (Docket No. 289). Finally the court **DENIES** Plaintiffs' motion *in limine* seeking to use the NTSB factual report at trial (Docket No. 192).

**SO ORDERED.**